

## NUMBER 13-20-00543-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI — EDINBURG

### IN THE INTEREST OF S.J., J.H., C.H., AND J.H., CHILDREN

### On appeal from the 105th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Proceeding pro se, appellant Chris Holt attempted to perfect an appeal from an "Order of Referral to Mediation" rendered in the 105th District Court of Nueces County, Texas, in trial court cause number 09-1754-D.[1] Appellant further filed a motion

---

[1] The Court has entertained related appeals and original proceedings filed by the pro se litigant in this cause. *See In re Holt*, No. 13-21-00009-CV, 2021 WL 317640, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2021, orig. proceeding) (mem. op.) (denying mandamus relief regarding the same order subject to review here because the respondent had recused himself and a new judge had been appointed to preside over the case); *In re Holt*, No. 13-20-00510-CV, 2020 WL 7063694, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 2, 2020, orig. proceeding) (mem. op.) (denying mandamus relief for an oral order allegedly holding Holt in contempt of court); *In re S.H.*, No. 13-20-00247-CV, 2020 WL 6601602, at *1 (Tex.

challenging the trial court's order of referral to mediation insofar as it required him to pay half the costs of mediation.

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final, appealable order. On December 23, 2020, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. The Clerk advised appellant that the appeal would be subject to dismissal if the defect was not corrected. Appellant filed a response to the Court's notice addressing the merits of the trial court's order and appellant's alleged untimely receipt of the order but failing to address whether the order was appealable.

An appellate court reviews de novo whether it has jurisdiction over an appeal because jurisdiction is a legal question. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Saleh v. Hollinger*, 335 S.W.3d 368, 370 (Tex. App.—Dallas 2011, pet. denied). As a general rule, "with a few mostly statutory exceptions," appellate courts have jurisdiction only over appeals from final judgments. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *see*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195. An

---

App.—Corpus Christi–Edinburg Nov. 12, 2020, no pet.) (mem. op.) (dismissing Holt's appeal of an order denying his motion to proceed as an indigent for want of jurisdiction after the trial court withdrew the order subject to appeal); *In re Marriage of Holt*, No. 13-20-00166-CV, 2020 WL 5582362, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, no pet.) (mem. op.) (dismissing Holt's appeal from a ruling on "Special Exceptions and Motion to Strike" on grounds the order was not final and appealable).

order referring a case to mediation is not a final judgment subject to appeal. *See Bonsmara*, 603 S.W.3d at 387; *Lehmann*, 39 S.W.3d at 195; *see also Johnson v. Marleny*, No. 02-16-00295-CV, 2016 WL 5444040, at *1 (Tex. App.—Fort Worth Sept. 29, 2016, no pet.) (mem. op.) (dismissing an appeal of a mediation order for lack of jurisdiction); *In re D. C. Jr.*, No. 07–11–00046–CV, 2011 WL 691633, at *1 (Tex. App.—Amarillo Feb. 28, 2011, no pet.) (mem. op.) (per curiam) ("We have no appellate jurisdiction to review an interlocutory order granting or denying referral of a matter to mediation."); *Banc of Am. Inv. Servs., Inc. v. Lancaster*, No. 2–04–00223–CV, 2004 WL 1879597, at *1 (Tex. App.—Fort Worth Aug. 24, 2004, no pet.) (mem. op.) (per curiam) (dismissing an appeal of an order referring a case to mediation for lack of jurisdiction).

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. In short, there is no final, appealable order before the Court. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c). Appellant's pending motion to challenge the trial court's order, in part, insofar as it required him to pay part of the costs of mediation, is likewise dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed on the
11th day of March, 2021.

3